# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LESTER BROWN                                                                                          PLAINTIFF
ADC #137598

V.                                          NO: 5:09CV00285 BSM/HDY

EARLY J. EVERRETT, JR. *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this complaint on September 11, 2009, alleging that he informed prison officials that he didn't need to be put into "population" with inmate P. Corneilous, because there would be trouble between the two men. Plaintiff alleges that he was assaulted by Corneilous, and Plaintiff apparently received a disciplinary charge in connection with the incident. Plaintiff asserts that Defendants failed to protect him, charged him with a false disciplinary, and falsely imprisoned him. For relief, Plaintiff seeks damages, and a transfer to another state.

On November 2, 2009, Defendants Early J. Everett, Jr., Mark Cashion, Jesse Davis, and J.R. Harris, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #10-#12). Plaintiff failed to respond, and, on November 20, 2009, the Court entered an order notifying Plaintiff that the Court would treat the motion as a motion for summary judgment, and granting Plaintiff an additional 11 days in which to file a response (docket entry #13). To date,

Plaintiff has failed to respond to Defendants' motion, brief, or statement of facts.[1]

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert, among other things, that Plaintiff has failed to exhaust his administrative remedies against them. Lack of exhaustion is an affirmative defense, which must be proved by defendants. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).

---

[1] Pursuant to Local Rule 56.1(c), all material facts set forth in the statement by the moving party are deemed admitted unless controverted by the non-moving party.

The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

According to Defendants' statement of facts, Plaintiff filed two grievances regarding the June 14, 2009, incident: DR-09-331, and DR-09-334. DR-09-331 pertained to an allegedly false disciplinary charge written by Everett. That grievance was returned because disciplinary issues matters are non-grievable (docket entry #10, exhibit D). Grievance DR-09-334 concerned Plaintiff's allegations that prison officials failed to protect him from Corneilous (docket entry #10, exhibit A). That grievance was returned to Plaintiff and not exhausted because Plaintiff failed to include the appropriate documentation as required by ADC policy. It does not appear that Plaintiff has administratively exhausted any due process claims, or claims regarding the conditions of his punitive sentence.

Although Plaintiff did not exhaust DR-09-331, it involved a non-grievable issue. Thus, there was no "available" administrative remedy for Plaintiff's claims regarding the allegedly false disciplinary charge. However, even if the disciplinary charge was false, there was no constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(standing alone, claim that guard wrote a false charge does not state a constitutional claim). Likewise, any claim Plaintiff may be pursuing for the failure to follow prison policy in the disciplinary process is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's claim regarding the allegedly false disciplinary charge, and any claim he is making based on the failure to follow prison policy, should be dismissed with prejudice.

Plaintiff failed to exhaust grievance DR-09-334 because he did not submit the paperwork required by ADC policy. The question of whether proper exhaustion has been achieved turns on the

specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). No material facts are in dispute, and it is clear that Plaintiff failed to properly exhaust his administrative remedies with respect to his claims made in connection with the alleged assault. Because Plaintiff failed to exhaust his administrative remedies with respect to such claims, Defendants are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' motion for summary judgment (docket entry #10) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims regarding the allegedly false disciplinary charge, and failure to follow prison policy, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

2.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   5   day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE